Case Number: 3:20CR00069-001  
Defendant's Name: MCLARTY, HENRY ALEXANDER SR.

# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Richmond Division

UNITED STATES OF AMERICA

v.

HENRY ALEXANDER MCLARTY, SR.

Defendant.

Case Number: 3:20CR00069-001  
USM Number: 73285-019

Defendant's Attorney: Benjamin Hatch, Esq.  
Thomas Bever, Esq.

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count One of the Criminal Information.

Accordingly, the defendant is adjudged guilty of the following counts involving the indicated offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| 18:371; 18:981(a)(1)(C) and 28:2461(c) | CONSPIRACY TO COMMIT WIRE FRAUD AND MONEY LAUNDERING; FORFEITURE ALLEGATION OF RELATED PROPERTY | Felony | April 2018 | One |

As pronounced on April 6, 2021, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Judgment imposed this 6th day of April, 2021.

/s/  
John A. Gibney, Jr.  
United States District Judge

Dated: 6 April 2021

Case Number: 3:20CR00069-001  
Defendant's Name: MCLARTY, HENRY ALEXANDER SR.

# PROBATION

The defendant is hereby placed on probation for a term of FIVE (5) YEARS. This term shall include a special condition of ONE (1) MONTH of Intermittent Confinement and ELEVEN (11) MONTHS of Home Confinement.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of probation.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

# STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| | |
|---|---|
| Case Number: | 3:20CR00069-001 |
| Defendant's Name: | MCLARTY, HENRY ALEXANDER SR. |

## SPECIAL CONDITIONS OF SUPERVISION

While on probation pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall serve ONE (1) MONTH of Intermittent Confinement to be worked out on a schedule by the probation officer.

2) The defendant shall participate in the Home Confinement Program, which shall include electronic monitoring at the defendant's expense, for a period of ELEVEN (11) MONTHS consecutively as directed by the probation officer. During this time he will remain at his place of residence except for employment, medical appointments or treatment, attending church, and other activities approved in advance by the probation officer. He shall maintain a telephone at his place of residence without party lines, telephone answering machines, a modem, "call forwarding," "caller ID," "call waiting," portable cordless telephone, or any other devices or services that may interfere with the proper functioning of the electronic monitoring equipment for the above period. He shall wear an electronic monitoring device, follow electronic monitoring procedures, and pay the cost of the electronic monitoring, all as directed by the probation officer.

3) The defendant shall not incur new credit card charges or open new credit cards without the approval of the probation officer. The defendant will be able to obtain loans and open lines of credit on behalf of his businesses.

4) The defendant shall not work in the investment industry.

5) The defendant may not have contact with his co-defendant, Mark Loewen or the other principals or investors of the company World Wide Carbon, LLC.

6) The defendant shall pay the balance owed on any court-ordered financial obligations as follows:
Special Assessment: The defendant shall pay monthly installments of not less than $ 100, starting 60 days after supervision begins until paid in full.
Restitution: The defendant shall pay monthly installments of not less than $500 or 25 percent of net income, whichever is greater, beginning 60 days after supervision begins until paid in full.

Case Number:        3:20CR00069-001
Defendant's Name:   MCLARTY, HENRY ALEXANDER SR.

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Page 5.

|         | Count | Assessment | Fine   | Restitution    |
|---------|-------|------------|--------|----------------|
|         | One   | $100.00    | $0.00  | $1,641,868.00  |
|         |       | $0.00      | $0.00  | $0.00          |
| TOTALS: |       | $100.00    | $0.00  | $1,641,868.00  |

# FINES

No fines have been imposed in this case.

# RESTITUTION

The defendant must make restitution (including community restitution) to the following payees in the amount listed below. If defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. Section 3664(I), all nonfederal victims must be paid before the United States is paid.

See Attachment A of Restitution Order

**Total Restitution**                                                $1,641,868.00

Payments of Restitution are to be payable to Clerk, U.S. District Court.

The defendant is jointly and severally liable for restitution with co-defendant Mark Harold Loewen, docket no. 3:20cr00030-001, and with any other defendants who are ordered to pay restitution for the same losses.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 6 – Schedule of Payments

Page 5 of 5

Case Number: 3:20CR00069-001
Defendant's Name: MCLARTY, HENRY ALEXANDER SR.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

Interest on the restitution is waived. On any unpaid balance, the defendant shall pay to the Clerk at least $500 per month or 25 percent of net income, whichever is greater, beginning 60 days from the inception of supervised release. The court reserves the option to alter this amount, depending upon defendant's financial circumstances at the time of supervised release.

The defendant shall forfeit the defendant's interest in the following property to the United States:
   SEE Consent Order of Forfeiture entered by the Court on April 6, 2021.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed. Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.